# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

---

In re:

Case No: 09–34947 – GFK

Tarin Erickson Baldauf
8030 Groveland Rd
Saint Paul, MN 55112

Social security/Taxpayer ID/Employer ID/Other Nos.: xxx–xx–8438

Greg Baldauf
8030 Groveland Rd
Saint Paul, MN 55112

Social security/Taxpayer ID/Employer ID/Other Nos.: xxx–xx–2851

Debtor(s)                                                                    Chapter 7 Case

---

## DISCHARGE OF DEBTOR(S)

It appears that the debtor(s) are entitled to a discharge,

**IT IS ORDERED:**

The debtors in the above case are granted a discharge under section 727 of title 11, United States Code, (the Bankruptcy Code).


Dated: 10/27/09                          Gregory F Kishel
                                         United States Bankruptcy Judge

| NOTICE OF ENTRY AND FILING ORDER OR JUDGMENT |
| --- |
| Filed and docket entry made on October 27, 2009 |
| Lori Vosejpka Clerk, United States Bankruptcy Court |
| By: jen Deputy Clerk |

**mnbdsc7** 3/11/2009 – knb

## EXPLANATION OF BANKRUPTCY DISCHARGE
## IN A CHAPTER 7 CASE

This court order grants a discharge to the persons named as the debtors. It is not a dismissal of the case and it does not determine how much money, if any, the trustee will pay to creditors.

### <u>Collection of Discharged Debts Prohibited</u>

The discharge prohibits any attempt to collect from the debtors a debt that has been discharged. For example, a creditor is not permitted to contact a debtor by mail, phone, or otherwise, to file or continue a lawsuit, to attach wages or other property, or to take any other action to collect a discharged debt from the debtors. A creditor who violates this order can be required to pay damages and attorney's fees to the debtor.

However, a creditor may have the right to enforce a valid lien, such as a mortgage or security interest, against the debtors' property after the bankruptcy, if that lien was not avoided or eliminated in the bankruptcy case. Also, a debtor may voluntarily pay any debt that has been discharged.

### <u>Debts That are Discharged</u>

The chapter 7 discharge order eliminates a debtor's legal obligation to pay a debt that is discharged. Most, but not all, types of debts are discharged if the debt existed on the date the bankruptcy case was filed. (If this case was begun under a different chapter of the Bankruptcy Code and converted to chapter 7, the discharge applies to debts owed when the bankruptcy case was converted.)

### <u>Debts that are Not Discharged.</u>

Some of the common types of debts which are <u>not</u> discharged in a chapter 7 bankruptcy case are:

a. Debts for most taxes;

b. Debts incurred to pay nondischargeable taxes (in a case filed on or after October 17, 2005);

c. Debts that are in the nature of alimony, maintenance, or support;

d. Debts for most student loans;

e. Debts for most fines, penalties, forfeitures, or criminal restitution obligations;

f. Debts for personal injuries or death caused by the debtor's operation of a motor vehicle while intoxicated;

g. Some debts which were not properly listed by the debtor;

h. Debts that the bankruptcy court specifically has decided or will decide in this bankruptcy case are not discharged;

i. Debts for which the debtor has given up the discharge protections by signing a reaffirmation agreement in compliance with the Bankruptcy Code requirements for reaffirmation of debts.

j. Debts owed to certain pension, profit sharing, stock bonus, other retirement plans, or to the Thrift Savings Plan for federal employees for certain types of loans from these plans (in a case filed on or after October 17, 2005).

**This information is only a general summary of the bankruptcy discharge. There are exceptions to these general rules. Because the law is complicated, you may want to consult an attorney to determine the exact effect of the discharge in this case.**